IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,969-01




EX PARTE ARTURO GOMEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2011CRJ898-D2(A) IN THE 111TH DISTRICT COURT
FROM WEBB COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to imprisonment for twenty-five years.


 He did not appeal his conviction.
            Applicant contends, among other things, that trial counsel rendered ineffective assistance. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claims. Trial counsel shall: (1) state whether she
investigated Applicant’s competency and believed Applicant was competent to plead guilty; (2)
describe her investigation, if any, of Applicant’s competency; and (3) state whether she advised
Applicant of his right to appeal and Applicant indicated to her that he wished to file an appeal. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether: (1) counsel
investigated Applicant’s competency and believed Applicant was competent to plead guilty; (2)
Applicant was competent to plead guilty; (3) counsel advised Applicant of his right to appeal; and
(4) Applicant indicated to counsel that he wished to appeal. The trial court shall also determine
whether counsel’s conduct was deficient and Applicant was prejudiced because counsel failed to:
(1) investigate Applicant’s competency; (2) timely urge a motion for reconsideration or reduction
of sentence; or (3) advise Applicant of his appellate rights and file a notice of appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: March 19, 2014
Do not publish